UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

ROLANDIS LARENZO CHATMON                                          PETITIONER
ADC #140078

V.                No. 4:21-cv-00172-KGB-JTR
                  (Related Cases:  5:16-cv-00133-KGB;
                  4:19-cv-00508-BRW)

DEXTER PAYNE, Director,                                            RESPONDENT
Arkansas Department of Correction

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge Kristine G. Baker ("Judge Baker"). You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the entry of this Recommendation. The failure to timely file objections may result in waiver of the right to appeal questions of fact.

### I. BACKGROUND

Pending before the Court is a § 2254 habeas Petition filed, *pro se*, by Petitioner Rolandis Chatmon ("Chatmon"), who is incarcerated at the Arkansas Department of Correction's Varner Unit. Chatmon challenges a 2013 conviction that resulted in a

sentence of three terms of life plus 360 months' imprisonment.[1] *Doc. 2*. This is the third time Chatmon has filed a § 2254 habeas action challenging his 2013 conviction.

On April 13, 2018, I entered a 64-page Recommended Disposition addressing the merits of Chatmon's first habeas petition and recommending dismissal, with prejudice. *Chatmon v. Kelley*, E.D. Ark. No. 5:16-cv-00133-KGB, at *doc. no. 133-1*. On August 1, 2018, Judge Baker adopted my Recommendation in its entirety and dismissed Chatmon's § 2254 habeas petition with prejudice. *Id. at doc. 124*. Chatmon appealed and on June 26, 2019, the Court of Appeals for the Eighth Circuit denied a certificate of appealability and dismissed Chatmon's appeal. *Id. at doc. 133*.

On July 17, 2019, Chatmon filed a second § 2254 habeas action challenging his 2013 conviction. *Chatmon v. Rutledge, et al.*, E.D. Ark. No. 4:19-cv-00508-BRW. Judge Deere recommended dismissal, without prejudice, because the Court lacked subject matter jurisdiction over that action. *Id.* at *doc. no. 3*. On July 31, 2019, Judge Wilson adopted the Recommendation in its entirety and dismissed Chatmon's § 2254 habeas petition as successive. *Id. at doc.5*.

On March 3, 2021, Chatmon initiated this action, which represents his third § 2254 challenge to his 2013 state court conviction. For the reasons discussed below,

---

[1] *Chatmon v. State*, 2015 Ark. 28, 467 S.W.3d 731.

the Court recommends that the case be dismissed, *sua sponte*, because Chatmon has not obtained the required permission from the Eighth Circuit Court of Appeals *before* bringing this successive habeas action.

## II. DISCUSSION

After conducting the required initial review of a § 2254 habeas petition, a federal court must summarily deny relief "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4, Rules Governing § 2254 Cases in United States District Courts; 28 U.S.C. § 2243. As part of this initial review, a federal court is also obligated to decide whether it has subject matter jurisdiction. *See Northport Health Servs. v. Rutherford*, 605 F.3d 483, 490 (8th Cir. 2010) ("federal courts are obligated to consider lack of subject matter jurisdiction *sua sponte*").

This is Chatmon's third § 2254 habeas action and his second "second or successive" petition challenging his 2013 state conviction. Only the Eighth Circuit has the authority to permit Chatmon to file a successive § 2254 habeas action. *See* 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.").

Unless and until Chatmon obtains the required authorization from the Eighth Circuit, this Court lacks the jurisdiction to proceed. *Burton v. Stewart*, 549 U.S. 147, 152-53, 157 (2007) (absent prior authorization, district court lacks jurisdiction to entertain a "second or successive" § 2254 habeas petition).

### III.   Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. All claims asserted in Petitioner Chatmon's 28 U.S.C. § 2254 Petition, *Doc. 2*, be DENIED, and this case be DISMISSED, without prejudice;

2. The pending motion to proceed in forma pauperis, *Doc. 1*, be DENIED as moot.

3. A Certificate of Appealability be denied. See 28 U.S.C. § 2253(c)(1)-(2); Rule 11(a) of the Rules Governing Section 2254 Cases.

Dated 11th day of March, 2021.

_____
UNITED STATES MAGISTRATE JUDGE